UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOHN MARTEN OLSEN, JR.,

                    Plaintiff,      MEMORANDUM & ORDER
                                        10-CV-0474(JS)

-against-

SOCIAL SECURITY ADMINISTRATION,

                    Defendant.
----------------------------------------X

APPEARANCES
For Plaintiff:       John Marten Olsen, Jr., pro se
                    40 Victorian Lane
                    Medford, NY 11763

For Defendant:      Benton J. Campbell, Esq.
                    United States Attorney
                    Eastern District of New York
                    271 Cadman Plaza East, 7th Floor
                    Brooklyn, New York 11201

SEYBERT, District Judge:

        Plaintiff John Marten Olsen, Jr. ("Plaintiff") commenced this action pro se on January 6, 2010 in the New York State Supreme Court in Suffolk County against the Social Security Administration ("SSA" or "Defendant"), seeking monetary and injunctive relief arising out an alleged error on Plaintiff's Social Security card. On February 2, 2010, SSA removed this action to the United States District Court for the Eastern District of New York. Presently before the Court is SSA's unopposed motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil

Procedure and for failure to state a claim under Rule 12(b)(6). For the following reasons, Defendant's motion is GRANTED.

## BACKGROUND

Plaintiff filed a Notice of Motion in Lieu of Complaint ("Complaint"), which states in relevant part as follows:

> PLEASE TAKE NOTICE that . . . the plaintiff John Marten Olsen, Jr. will move in this Court . . . for an order, pursuant to New York Civil Rights Statute 60 and New York Civil Rights Statute 3017 granting the following relief to the movant John Marten Olsen, Jr.: a Social Security card with the given birth name and answering the prayer of general relief for all damages and granting such other and further relief as the Court may deem just and proper.

Plaintiff asserts that he is entitled to such relief because his Social Security card bears the name "JOHN M OLSEN JR" and not his "birth given name," John Marten Olsen, Jr. (Pl. Aff. ¶ 2.)

Plaintiff's SSA records show his full middle name (Infiesta Decl. ¶ 4); thus, according to SSA, "the name of the card should have been John Marten Olsen Jr." (id. ¶ 5). SSA's records, however, do not indicate that Plaintiff has ever requested a replacement card. (Id. ¶ 7.)

## DISCUSSION

SSA moves to dismiss Plaintiff's New York's Civil Rights Law claims for failure to state a claim under Rule 12(b)(6). SSA also reads the Complaint broadly to assert a

2

claim for relief under the Privacy Act, 5 U.S.C. § 552a, and argues that the Court lacks subject matter jurisdiction over such claim.

The Court will first discuss the applicable standards of review before addressing the merits of the New York Civil Rights Law and Privacy Act claims respectively.

I. Standards of Review

A. Under Rule 12(b)(6)

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard, which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). First, although the Court must accept all of a complaint's allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555); accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" survive a motion to dismiss. Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). Determining whether a complaint does so is "a context-specific task that requires the

3

reviewing court to draw on its judicial experience and common sense." Id. (internal quotation marks and citation omitted).

Pro se plaintiffs enjoy a somewhat more liberal pleading standard, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted), and the Court is obligated to construe pro se pleadings "liberally to raise the strongest arguments [they] suggest," Torrico v. Int'l Bus. Machs. Corp., 213 F. Supp. 2d 390, 399 n.4 (S.D.N.Y. 2002).

B. Under Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); see also Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008), aff'd, --- U.S. ----, 130 S. Ct. 2869, 177 L. Ed. 2d 535 (2010). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions. See Makarova, 201 F.3d at 113. The Court must accept as true the factual allegations contained in the complaint, but it will not draw argumentative inferences in

4

60 is inapplicable. Accordingly, SSA's motion to dismiss this claim is GRANTED.

III. Privacy Act Claim

SSA asserts that Plaintiff's Complaint, liberally construed, may also be read to assert a claim for relief under the Privacy Act. The Court agrees. Under the Privacy Act, an individual may institute a civil action against a federal agency for failing to amend a record. 5 U.S.C. § 552a(g)(1)(A). SSA argues that this claim must also be dismissed for lack of subject matter jurisdiction: (1) on the grounds that it is barred by sovereign immunity and (2) for failure to exhaust administrative remedies. Because the Court finds that Plaintiff has failed to exhaust his administrative remedies, the Court will not address SSA's sovereign immunity argument.

Section 552a(g)(1)(A) of Title 5 of the United States Code permits an individual to bring a civil action against a federal agency whenever any agency "makes a determination under subsection (d)(3) of this section not to amend an individual's record in accordance with his request . . . ." 5 U.S.C. § 552a(g)(1)(A). Section 552a(d)(3) provides that each agency that maintains records shall:

> permit the individual who disagrees with the refusal of the agency to amend his record to request a review of such refusal, and not later than 30 days . . . from the date on which the individual requests such review,

6

favor of the plaintiff because subject matter jurisdiction must be shown affirmatively. See Morrison, 547 F.3d at 170; Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Morrison, 547 F.3d at 170.

II. New York Civil Rights Law Claims

Plaintiff appears to be seeking relief under two sections of New York's Civil Rights Law: Sections 60 and 3017. As an initial matter, there is no Section 3017 of the New York Civil Rights Law,[1] therefore to the extent that Plaintiff is seeking relief pursuant to a non-existent statute, SSA's motion is GRANTED. To the extent that Plaintiff is seeking relief pursuant to Section 60, his claim is also without merit. Section 60 provides in relevant part as follows:

> A petition for leave to assume another name may be made by a resident of the state to the county court of the county or the supreme court in the county in which he resides, or, if he resides in the city of New York, either to the supreme court or to any branch of the civil court of the city of New York, in any county of the city of New York.

N.Y. CIV. RIGHTS LAW § 60 (emphasis added). Here, however, Plaintiff is not seeking to change his name; therefore, Section

---

[1] The Court notes that there is a Section 3017 of the C.P.L.R.; however, that section refers to pleading requirements and does not provide a ground for relief.

5

> complete such review and make a final determination . . . ; and if, after his review, the reviewing official also refuses to amend the record in accordance with the request, permit the individual to file with the agency a concise statement setting forth the reasons for his disagreement with the refusal of the agency, and notify the individual of the provisions for judicial review of the reviewing official's determination under subsection (g)(1)(A) of this section . . . .

5 U.S.C. § 552(d)(3). Failure to comply with the "explicit steps" for agency review outlined in subsection (d) prior to commencing suit deprives this Court of subject matter jurisdiction. See Kursar v. Transp. Sec. Admin., 581 F. Supp. 2d 7, 18 (D.D.C. 2008) (dismissing a "[p]remature Privacy Act suit[]" for lack of subject matter jurisdiction (first alteration in original) (internal quotation marks omitted)).

Here, as Plaintiff has failed to submit an application to SSA for a corrected Social Security card, this action is premature and the Court is without jurisdiction. Accordingly, SSA's motion to dismiss this claim is GRANTED.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

7

CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED, and the Complaint is hereby DISMISSED.

The Clerk of the Court is directed to send a copy of this Memorandum and Order to the pro se Plaintiff and mark this matter CLOSED.

SO ORDERED.

s/ Joanna Seybert
Joanna Seybert, U.S.D.J.

Dated: June 18, 2013
Central Islip, NY